## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY AYO** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **WAL-MART** | * | **SECTION** |
| | * | |
| | * | **MAGISTRATE** |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Wal-Mart Louisiana, L.L.C. ("Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.   Plaintiff filed her Petition for Damages on November 17, 2015, against Wal-Mart. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.   Wal-Mart was served through the Louisiana Secretary of State, with a copy of the Citation and Petition on November 24, 2015.  (*See* Sheriff's Return attached hereto and marked for identification as Exhibit "B".)\

3. The suit seeks damages from Wal-Mart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter located on Tchoupitoulas Street in New Orleans, Louisiana, on December 21, 2014.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy and when initially contacted by undersigned counsel to determine the amount in controversy, plaintiff's counsel stated that he did not have sufficient information to evaluate the value of plaintiff's damages..

5. Wal-Mart filed its Answer to Petition for Damages, Request for Notice and Jury Order in state court on April 27, 2016.  (*See* Answer to Petition for Damages, Request for Notice and Jury Order, attached hereto *in globo* as Exhibit C.)

6. In an attempt to determine the value of plaintiff's claims, defendant submitted a Request for Admissions to the plaintiff on April 27, 2016, requesting that he admit that his damages did not exceed the sum of 75,000.00, exclusive of interest and costs.  On May 20, 2016, undersigned counsel received plaintiff's Response to Requests for Admissions dated May 17, 2015, wherein plaintiff <u>denied</u> that his damages <u>did not exceed</u> the sum of $75,000.00, exclusive of interest and costs, since the plaintiff was scheduled for surgery.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

7. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

8. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

9. Plaintiff has denied that damages do not exceed $75,000.00.

10. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006.

11. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.   COMPLETE DIVERSITY

12. Defendant, Wal-Mart Louisiana, L.L.C. is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two

partners, namely WSE Management, L.L.C. (GP) and WSE Investment, L.L.C. (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas.  All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

13. Plaintiff is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

14. Accordingly, there is complete diversity of citizenship between the plaintiff and the only defendant.

15. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.  WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

16. Wal-Mart was served with the Petition through the Louisiana Secretary of State on November 24, 2015.

17. Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy.

18. On May 20, 2016 Wal-Mart received plaintiff's response to Wal-Mart's

Request for Admissions denying that his damages did not exceed $75,000.00 exclusive of interest and costs. (*See* Plaintiff's Responses to Requests for Admissions, attached hereto as Exhibit D.)

19.     This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of Plaintiff's Response to Request for Admissions establishing an amount in controversy that is in excess of $75,000.00 exclusive of interest and costs, and is therefore timely under 28 U.S.C. § 1446(b).

20.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

21.     The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

22.     No previous application has been made by Wal-Mart in this case for the relief requested herein.

23.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A". Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiffs, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

24.     Attached hereto are the following documents which completes the

documents contained in the state court record: Motion for Extension of Time by Wal-Mart, attached hereto as Exhibit E.

25. Petitioner, Wal-Mart Louisiana, L.L.C., desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant, Wal-Mart Louisiana, L.L.C., hereby removes this action from the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Isidro René DeRojas*
**THOMAS P. ANZELMO, T.A. (#2533)**
**ISIDRO RENÉ DEROJAS (#18182)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile:  (800) 977-88210
rderojas@mcsalaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 13th day of June, 2016.

*/s/ Isidro René DeRojas*