Apr 08 2016 12:07PM HP Fax Layer Office 5044868005   page 2

**FILED NOV 17 2015 CLERK'S OFFICE CIVIL DISTRICT COURT**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2015-10957   DIVISION "C"   SECTION: 10

LARRY AYO

VS.

WALMART

FILED:_____   _____
                       DEPUTY CLERK

### PETITION FOR DAMAGES AND PERSONAL INJURIES

NOW INTO COURT, through undersigned counsel comes plaintiff, LARRY AYO, a person of the full age of majority and resident of and domiciled in Orleans Parish, Louisiana, who with respect alleges and avers as follows:

1.

The following parties are made defendants in this lawsuit and are liable unto your petitioner in and undetermined amount and unspecified amount of damages:

A. Walmart, a corporation licensed to do and doing business in the State of Louisiana;

2.

This court has subject matter jurisdiction over the status of this matter because the petitioner is domiciled in this state.

3.

Venue is proper in this court pursuant to LCCP art. 42 as the accident occurred in Orleans Parish, State of Louisiana.

4.

On approximately December 21, 2014 your petitioner, Larry Ayo, the petitioner and a legal patron, was inside Walmart located at 1901 Tchoupitoulas Street in New Orleans, Louisiana, when without any warning or notice, he slipped on a large puddle of water.

5.

Mr. Ayo was shopping when he slipped and fell on a puddle of water, with numerous employees in the same area.

6.

There were no precautionary signs in the area.

**EXHIBIT A**

7.

Witness(s) were present and saw the entire incident, as this was a plain view in the local store.

8.

As a result of this incident, your petitioner sustained serious and severe bodily injury.

9.

Defendant, Walmart, is the sole cause of this accident.

10.

Your petitioners itemize his damages sustained as a result of this accident to include, but not limited to, pain and suffering.

11.

Defendant's specific acts of negligence in causing this incident include, but are not limited to:

a. Failure to see what they should have seen;

b. Failure to maintain proper condition of his premises;

c. Failure to correct a hazardous condition in a timely manner;

d. Failure to provide adequate notice of a hazardous condition in a timely manner;

e. Failure to maintain a proper look out;

d. Any and all other acts of negligence and/or imprudence and/or lack of care, which may be proved during the investigation and/or at the trial of this matter.

12.

At the time of this accident defendant, XYZ INSURANCE CO., provided a policy of insurance to defendant, Walmart, and their assigns.

13.

This policy of insurance affords coverage to your petitioners for damages caused by acts of negligence by its insured and his assigns.

14.

Defendants are jointly and truly indebted unto your petitioner for all damages as are reasonable with legal interest therein from the date of judicial demand until paid, and for all cost of these proceedings.

WHEREFORE, your petitioners, Walmart, and XYZ INSURANCE CO., be served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that, after due proceedings had, there be judgment herein in favor of petitioners and against the defendants in an unspecified amount, with legal interest from date of judicial demand until paid, and for all costs of these proceedings including expert witness fees and for all such general and equitable relief as law, equity and the nature of the case may remit.

Respectfully Submitted,
THE DOOLEY LAW OFFICE, L.L.C.

TONY DOOLEY, LSBA (#28557)
3701 Canal St., 4th Floor, Ste. U
New Orleans, LA 70119
Phone: (504) 510-0286
Fax: (504) 486-8005
Email: tdooley@thedooleylawoffice.com

PLEASE SERVE:

Walmart
1901 Tchoupitoulas Street
New Orleans, LA 70130

ATTORNEY'S NAME: Dooley, Tony  28557
AND ADDRESS:    3701 Canal Street, Sutie U
                New Orleans    LA  70119

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO:  2015 -- 10957        1        DIVISION: C        SECTION: 10

AYO, LARRY versus WALMART

## CITATION

TO: WALMART
THROUGH:
1901 TCHOUPITOULAS STREET

NEW ORLEANS            LA   70130

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   November 19, 2015   .

Clerk's Office, Room 402, Civil Courts          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                The Civil District Court
New Orleans, LA                                  for the Parish of Orleans
                                                 State of LA
                                                 by _____
                                                          Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                                 DOMICILIARY SERVICE

On this  27  day of  NOV. 2015          On this _____ day of _____
_____ served a copy of the w/i petition      _____ served a copy of the w/i petition
FOR DAMAGES                                      FOR DAMAGES

On                                               On
  WALMART                                          WALMART

THROUGH: Tocka (Mgr)                             THROUGH:

                                                 by leaving same at the dwelling house, or usual place of
                                                 abode, in the hands of _____
Returned same day                                a person of suitable age and discretion residing therein as
K. Claiborne  No. 348                            a member of the domiciliary establishment, whose name
Deputy Sheriff of  Orleans                       and other facts connected with this service I learned by
                                                 interrogating HIM / HER the said _____
Mileage: $_____                                 WALMART

_____ / ENTERED /_____ ✓                       being absent from the domicile at time of said service.
PAPER              RETURN                                Returned same day
   9236                                                                       No. _____
SERIAL NO.   DEPUTY    PARISH                    Deputy Sheriff of _____

11-30-15

EXHIBIT B

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-10957                                DIVISION "C"

LARRY AYO

VERSUS

WALMART

FILED: _____     _____
                                                             DEPUTY CLERK

### ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, WAL-MART LOUISIANA, L.L.C., (incorrectly referred to as "Walmart" in plaintiff's Petition), and for answer to plaintiff's Petition for Damages avers as follows:

1.

Except to admit that Wal-Mart Louisiana, LLC, is doing business in the State of Louisiana, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 of plaintiff's Petition are denied.

3.

Based upon information and belief, the allegations of Paragraph 3 of plaintiff's Petition are admitted.

4.

The allegations of Paragraph 4 of plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.


EXHIBIT C

7.

The allegations of Paragraph 7 of plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of plaintiff's Petition are denied.

9.

The allegations of Paragraph 9 of plaintiff's Petition are denied.

10.

The allegations of Paragraph 10 of plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of plaintiff's Petition are denied.

12.

The allegations of Paragraph 12 of plaintiff's Petition are denied.

13.

The allegations of Paragraph 13 of plaintiff's Petition are denied.

14.

The allegations of Paragraph 14 of plaintiff's Petition are denied.

15.

Defendant is entitled to and requests a trial by jury on all issues herein.

AND NOW, FURTHER ANSWERING, defendant avers:

16.

The cause in fact of the incident complained of was the negligent acts of plaintiff, whose acts of negligence include but are not limited to the performance of the following:

- a) Failing to see what he should have seen;
- b) Acting in a careless and reckless manner without due regard for his own safety and well-being;
- c) And such other acts of negligence as may be shown at the trial of this case.

17.

In the alternative, and only in the event that any negligence be proven on the part of this defendant, which negligence is strictly denied, defendant affirmatively alleges the contributory

and/or comparative negligence and/or fault of plaintiff, LARRY AYO, whose acts of negligence have been set out in the immediately preceding paragraph and are adopted herein as if copied *in extenso*. Said acts of negligence should operate as a complete bar or in diminution of plaintiff's recovery.

18.

In the alternative, defendant avers that plaintiff has recovered from any injuries allegedly sustained by him.

19.

In the alternative, defendant avers that plaintiff's alleged injuries were caused by persons or parties over whom this defendant exercises no authority, jurisdiction, control or supervision.

20.

Defendant affirmatively alleges that petitioner failed to mitigate his damages.

WHEREFORE, defendant, WAL-MART LOUISIANA, L.L.C., prays that its answer be deemed good and sufficient and after due proceedings had there be judgment herein in favor of defendant, WAL-MART LOUISIANA, L.L.C., dismissing plaintiff's suit with prejudice at plaintiff's costs.

Respectfully submitted,

_____
THOMAS P. ANZELMO (Bar No. 2533)
ISIDRO RENÉ DEROJAS (Bar No. 18182)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: ird@mcsalaw.com
ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☐ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 27th day of April, 2016.

_____
ISIDRO RENÉ DEROJAS

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-10957                                                                          DIVISION "C"

LARRY AYO

VERSUS

WALMART

FILED: _____            _____
                                                                DEPUTY CLERK

### REQUEST FOR NOTICE

Defendant, Wal-Mart Louisiana, L.L.C., in accordance with the provisions of Article 1571 and 1572 of the Louisiana Code of Civil Procedure, hereby requests written notice by mail of the date and time fixed for any trial or hearing related to the above numbered and captioned matter, whether for exceptions, rules, trial on the merits, or any other proceeding.

In accordance with the provisions of Article 1913 and 1914 of the Louisiana Code of Civil Procedure, written notice is also requested of the signing of any order or judgment elating to any matter, interlocutory or final, in the above numbered and captioned matter.

Respectfully submitted,

_____
THOMAS P. ANZELMO (Bar No. 2533)
ISIDRO RENÉ DEROJAS (Bar No. 18182)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: ird@mcsalaw.com
ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, L.L.C.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☐ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 27th day of April, 2016.

_____
ISIDRO RENÉ DEROJAS

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-10957                  DIVISION "C"

LARRY AYO

VERSUS

WALMART

FILED: _____      _____
                                                           DEPUTY CLERK

## JURY ORDER

CONSIDERING the foregoing Answer and its prayer for a trial of this case by jury;

LET THIS case be placed on a trial docket by trial jury in due course, conditioned upon defendant furnishing bond as required by Article 1734 of the Louisiana Code of Civil Procedure.

New Orleans, Louisiana, this _____ day of _____, 2016.

_____
J U D G E

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2015-10957          DIVISION: C          SECTION:

LARRY AYO

VERSUS

WALMART

FILED:_____    _____
                                            DEPUTY CLERK

## RESPONSE FOR ADMISSIONS

TO:   WAL-MART
      Through its Counsel of Record:
      Thomas P. Anzelmo (Bar No. 2533)
      Isidro Rene Derojas (Bar No. 18182)
      McCRANIE, SISTRUNK, ANZELMO,
      HARDY, McDANIEL, & WELCH
      909 Poydras Street, Suite 1000
      New Orleans, LA 70112

Request for Admissions #1:

Do you admit that your damages do not exceed the sum of $50,000.00, exclusive of the interest and costs?

Response for Admissions #1:

Request #1 denied, as Mr. Ayo is having surgery.

Request for Admissions #2:

Do you admit that your damages do not exceed the sum of $75,000.00, exclusive of interest and costs?

Response for Admissions #2:

Request #2 denied, as Mr. Ayo is having surgery

Respectfully Submitted,
THE DOOLEY LAW OFFICE, L.L.C.

TONY DOOLEY, LSBA (#28557)
3701 Canal St. 4TH floor Suite U
New Orleans, LA 70119
Email: tdooley@thedooleylawoffice.com
Phone: (504) 510-0286
Fax: (504) 486-8005


EXHIBIT D

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been furnished to all counsel of record, by depositing same in the United States mail, postage prepaid and properly addressed, this 17th day of May, 2016.

TONY DOOLEY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-10957                                                                                         DIVISION "C"

LARRY AYO

VERSUS

WALMART

FILED: _____                    _____
                                                                                    DEPUTY CLERK

MOTION FOR EXTENSION OF TIME

Defendant, Wal-Mart Louisiana, LLC, (improperly named as "Walmart" in Plaintiff's Petition for Damages and Personal Injuries), moves this Court for an extension of time of fifteen (15) days from April 12, 2016, or until April 27, 2016 within which to plead and respond to plaintiff's Petition for Damages, for the reason that counsel has only recently been retained and additional time is required to conduct an investigation. No other extensions have been granted and no oppositions have been filed in the record.

Respectfully submitted,

_____
THOMAS P. ANZELMO (Bar No. 2533)
ISIDRO RENÉ DEROJAS (Bar No. 18182)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: ird@mcsalaw.com
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 12th day of April, 2016.

_____
ISIDRO RENÉ DEROJAS

EXHIBIT E

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-10957                                                                DIVISION "C"

LARRY AYO

VERSUS

WALMART

FILED: _____        _____
                                                                 DEPUTY CLERK

## ORDER

Considering the foregoing Motion:

IT IS ORDERED that defendant, Wal-Mart Louisiana, LLC, be and is hereby granted an additional fifteen days from April 12, 2016, or until April 27, 2016 within which to plead and respond to plaintiff's Petition for Damages.

New Orleans, Louisiana, this ____ day of _____, 2016.

_____
DISTRICT JUDGE