UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LARRY AYO                                                CIVIL ACTION

VERSUS                                                   NO. 16-9704

WAL-MART                                                 SECTION "F"

ORDER AND REASONS

Before the Court is Wal-Mart Louisiana, LLC's motion for summary judgment. For the following reasons, the motion is GRANTED.

**Background**

This case follows a slip and fall at a Wal-Mart located on Tchoupitoulas Street in New Orleans, Louisiana.

Larry Ayo claims that he was shopping at Wal-Mart on December 21, 2014 when he "slipped and fell on a large puddle of water." Mr. Ayo sued Wal-Mart Louisiana, LLC in state court, seeking damages for his "severe bodily injury." Wal-Mart removed the lawsuit to this Court, invoking the Court's diversity

1

jurisdiction. Wal-Mart disputes its liability and now moves for summary judgment in its favor.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Id. at 249 (citations omitted); see also Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted)("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of a claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must adduce competent evidence, including but not limited to sworn affidavits and depositions, to buttress his claims. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). However, affidavits or pleadings which contradict earlier deposition testimony cannot create a genuine issue of material fact sufficient to preclude an entry of summary judgment. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996); Thurman v. Sears, Roebuck & Co., 952 F.2d 128, 137 n. 23 (5th Cir. 1992).

In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007) (citations omitted). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Louisiana Revised Statute § 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants like Wal-Mart:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, <u>the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following</u>:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> C. Definitions
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee

4

>    of the merchant in the vicinity in which the condition
>    exists does not, alone, constitute constructive notice,
>    unless it is shown that the employee knew, or in the
>    exercise of reasonable care should have known, of the
>    condition.
>
>    ...
>
>    (Emphasis added).

*B.*

Here the parties dispute whether the plaintiff can meet his burden of showing that, prior to the incident, Wal-Mart had notice of the water on the floor. The Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall. See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corp. of Minn., 232 Fed. Appx. 389, 391-92 (5th Cir. 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See White, 699 So.2d at 1084. "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element. Id. at 1084-85. This

5

temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard alleged, the wet substance -- is a question of fact, which the plaintiff must prove. See id. at 1084.

To meet his burden, the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall." Leger v. Wal-Mart Louisiana LLC, 343 Fed. Appx. 953, 954 (5th Cir. 2009); see Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).[1]  "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007)(quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La. App. 2d Cir. 2003)).

---

[1] "A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." See White, 699 So.2d at 1084.

III.

In question is whether the wet substance persisted on the store floor for some period of time sufficient to support constructive notice.[4] Invoking the statutory definition of constructive notice, Wal-Mart insists that the plaintiff has failed to show that the condition existed for such a period of time that it would have been discovered had Wal-Mart exercised reasonable care. See La.R.S. § 9:2800.6C(1). Considering the summary judgment record, the Court agrees.

Wal-Mart submits that the plaintiff has failed to produce evidence sufficient to prove that Wal-Mart either created, or had constructive notice of the condition for some period of time sufficient to place it on notice of the condition. In making this assertion, Wal-Mart relies on the plaintiff's deposition testimony. When asked if he knew how long the water had been on the floor, Mr. Ayo answered:

> It couldn't have been too long because the lady passed. She wasn't too far from me when I fell. That's when they found out the water was there.

---

[4] There is an absence of facts in the summary judgment record to suggest, let alone establish, that Wal-Mart had actual notice of the wet substance on the floor.

7

Putting this testimony in context, Mr. Ayo testified that he did not see a visible trail of water on the floor of the store, did not see any water before he slipped and fell, no one warned him about the floor being wet before he fell; nor did he see any cautionary signage in the area before he fell.  Rather, he testified that water was on the floor because a "lady had water leaking from her basket;" a fact he said he learned from others after he fell.  Mr. Ayo testified that the lady was still in the area when he fell, that he slipped and fell when he passed her.  According to Mr. Ayo, it appeared that the water had gotten just gotten onto the floor when he slipped; he testified: "[i]t couldn't have been too long[,]" that the water was on the floor because the lady "was pushing the basket and the basket was leaking."  Mr. Ayo testified that he did not think any Wal-Mart employee knew there was any water on the floor before he fell ("The only way they found out is when I fell"), and that employees began to clean the water from the floor and put signs to indicate that the floor was wet only after Mr. Ayo fell.  Mr. Ayo testified that he heard people saying that the water had leaked from the lady's shopping cart and that, when he was in the parking lot after the incident, the lady who had been pushing the leaky cart approached him, asked if he was all right, and apologized.

8

The plaintiff counters that summary judgment is not appropriate because Wal-Mart has "yet to provide the incident report" to him, that there remains a genuine issue of fact as to whether Wal-Mart exercised due diligence in maintaining the premises, and that the plaintiff's investigator is attempting to locate an independent witness. The plaintiff underscores his testimony that there were employees in the immediate area of the water that caused the fall, "thereby giving notice of the dangerous condition." Wal-Mart replies that the plaintiff has never issued any discovery to Wal-Mart; that the independent witness called Stella Ballard has been located, but she has failed to appear for two depositions noticed by Wal-Mart; and that the plaintiff's argument about employees in the immediate area of the water is undermined by the plain text of the merchant liability statute.

The only evidence put forth by the plaintiff in support of the constructive notice element of his claim is his testimony that Wal-Mart employees were in the vicinity of his fall. However, the argument is defeated by the plain text of the merchant liability statute.[2] Moreover, to accept the plaintiff's argument would

---

[2] La.R.S. § 9:2800.6C(1) states:

> The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that

9

require the Court to make certain inferences neither permitted by the statute, nor supported by the summary judgment record. Indeed, indulging in the sort of speculation urged by the plaintiff is improper and simply demonstrates that the plaintiff's proffer "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." Babin, 764 So.2d at 40. The plaintiff's assertions, quite simply, fail to rise to the requisite "positive showing of the existence of the [wet substance]" to support his claim. See Leger, 343 Fed. Appx. at 954. Because the plaintiff has not put forth any evidence to show that Wal-Mart had actual or constructive notice of the water on the floor at the time he slipped, there is no factual dispute that would preclude summary judgment.

Because the plaintiff is not able to establish an essential element of his claim as required by Louisiana, Wal-Mart is entitled to judgment as a matter of law. See Celotex, 477 U.S. at 322-23 (showing that the defendant's entitlement to relief on summary judgment can be accomplished by showing a complete absence of record evidence to support a mandatory element of the plaintiff's

---

the employee knew, or in the exercise of reasonable care should have known, of the condition.

See also Massery v. Rouses's Enterprises, L.L.C., 196 So.3d 757, 762 n.1 (La. App. 4 Cir. 2016)(quotation omitted).

10

claim).  The local law of merchant-liability demands more for plaintiff to be able to withstand a claim for summary relief.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED.[3]

                              New Orleans, Louisiana, February _3_, 2017


                                    _____
                                         MARTIN L. C. FELDMAN
                                      UNITED STATES DISTRICT JUDGE

---

[3] Insofar as the plaintiff noted in his papers that he does not have the incident report and has not been able to locate an "independent witness," the Court notes that the plaintiff does not move the Court to continue the summary judgment hearing pursuant to Rule 56(d).  Rule 56(d) continuances are not granted unless the nonmoving party shows how the additional discovery will create factual controversies.  Moreover, the proper way of requesting additional time for discovery pursuant to Rule 56(d) is showing by affidavit why facts cannot be presented to defeat the summary judgment motion.  See Fed. R. Civ. P. 56(d).  The plaintiff has failed to suggest, beyond vague assertions, how the incident report or the testimony by the independent witness might create a genuine dispute as to a material fact.

11